(21 C. Cls. R., 413; not reported in U. S. R.)
A private aot provides that this court “may talcs jurisdiction under the provisions ” of the Abandoned or Captured Property Act of the claims-of R. E. for property alleged to have been captured, etc. The petition in the present case alleges that R. E. was the owner of certain captured cotton; that the proceeds thereof are in the Treasury; that R. E., prior to the private act, was adjudged a bankrupt; and that under the assignment in bankruptcy the claims became and are vested in his assignee. The petition was not filed until the. 17th February, 1886.
(1) An act conferring jurisdiction of the claim of R. E. for the proceeds of captured property, though silent as to the time in which suit may bo brought, is oi>erativo jurisdictionally only six years, at the end of which period the claim will be barred by the general statute of limitations (Rev. Stat., § 1069), which was held by the Supreme-Court in Haycraft’s Case to be jurisdictional.
(2) The statute of limitations (Rev. Stat,, § 1069) is not restricted to claims-which came under tho general jurisdiction of the court before its. enactment; it extends to claims founded upon special acts subsequently passed.
The decision of the court below is affirmed, March 7, 1887, by tbe equal division of the Supreme Oourt.